## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2018, 10:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leann C. Smith,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 18, 2018

Court of Appeals Case No.
18A-CR-487

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No.
15C01-1508-F5-59

**Bailey, Judge.**

# Case Summary

Leann C. Smith ("Smith") pled guilty to Battery, as a Level 5 felony,[1] and was placed on probation. Following the revocation of her probation, she appeals, presenting the single issue of whether the trial court abused its discretion in imposing a probation violation sanction. We affirm.

# Facts and Procedural History

On March 17, 2016, Smith pled guilty to one count of Battery, by means of a deadly weapon. She was sentenced to six years imprisonment, with four years and 270 days suspended to probation. On January 12, 2017, Smith submitted a drug screen that tested positive for methamphetamine and buprenorphine. On January 25, 2017, the trial court issued a warrant for Smith's arrest. She failed to appear at a scheduled probation appointment on February 14, 2017. She had no further contact with the probation department before her arrest in December of 2017.

On December 18, 2017, the State filed a petition to revoke Smith's probation, alleging that she had submitted a positive drug screen, she had failed to attend an appointment on February 14, 2017, and she had failed to contact her probation officer thereafter. At a revocation hearing conducted on January 18, 2018, Smith admitted to those allegations. The trial court revoked Smith's

---

[1] Ind. Code § 35-42-2-1(g)(2).

probation and ordered her to serve four years of the previously-suspended sentence. Smith now appeals.

# Discussion and Decision

[4] Smith argues that the sanction imposed is unduly harsh. More particularly, she characterizes the violations as isolated and technical.

[5] Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation, and if the conditions are violated, the trial court may impose one of three types of sanctions: (1) continue the person on probation with or without modification; (2) extend the probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing. *See* Ind. Code § 35-38-2-3(g); *Prewitt*, 878 N.E.2d at 188.

[6] We review a sanction imposed following revocation of probation for an abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.*

[7] Smith violated her probation a mere two months after her sentence suspension. She then absconded from the supervision of the probation department for nearly one year. She admittedly abused drugs after the initial drug screen and failed to avail herself of substance abuse treatment offered to her as part of her

probation.  She has a significant criminal record, including three felonies.  As Smith has displayed an unwillingness to avail herself of rehabilitative efforts, we find no abuse of the trial court's discretion in ordering Smith to serve four years of her original sentence.

[8] Affirmed.

Bradford, J., and Brown, J., concur.